PATTERSON, Judge.
Appellant Dick Bradley, Administrator of G. Pierce Wood Memorial Hospital (the administrator), challenges a final administrative order denying his request for the continued involuntary placement of appellee Robert Akins. We reverse the order because the administrator showed by clear and convincing evidence that Akins continued to meet the criteria for continued involuntary placement.
Akins shot and killed his girlfriend on December 31, 1986, based on the delusion that she had taken his money. He was judged incompetentffrqaroceed to trial and was committed to psychiatric care at Florida State Hospital, where he spent six years. By court order, Akins was transferred to G. Pierce Wood Memorial Hospital on June 26, 1993. The order: (1) found that Akins remained incompetent to proceed to trial and was unlikely to regain competency in the foreseeable future; (2) dismissed the criminal charges; and (3) involuntarily placed Akins pursuant to section 394.467(1), Florida Statutes (1993).
The administrator filed a request, pursuant to section 394.467(4), Florida Statutes (1993), for an order continuing the involuntary placement. The administrator had the burden of proving the following:
(1) CRITERIA. — A person may be involuntarily placed for treatment upon a finding of the court by clear and convincing evidence that:
(a) He is mentally ill and because of his mental illness:
l.a. He has refused voluntary placement for treatment after sufficient and conscientious explanation and disclosure of the purpose of placement for treatment; or
*1070 b. He is unable to determine for himself whether placement is necessary; and
2.a. He is manifestly incapable of surviving alone or with the help of willing and responsible family or friends, including available alternative services, and, without treatment, he is likely to suffer from neglect or refuse to care for himself, and such neglect or refusal poses a real and present threat of substantial harm to his well-being; or
b. There is a substantial likelihood that in the near future he will inflict serious bodily harm on himself or another person, as evidenced by recent behavior causing, attempting, or threatening such harm; and
(b) All available less restrictive treatment alternatives which would offer an opportunity for improvement of his condition have been judged to be inappropriate.
§ 394.467(1), Fla.Stat. (1993).
At the continued involuntary placement hearing, Dr. O’Brien was the administrator’s sole witness. Dr. O’Brien testified that he was Akins’ treating physician until ten days prior to the hearing and was still familiar with Akins’ case. Dr. O’Brien diagnosed Akins’ mental illness as being organic affective disorder with delusions. According to Dr. O’Brien, Akins was not able to determine for himself whether treatment was necessary at the time of his continued involuntary placement hearing. Akins’ only testimony at the hearing was: “I want to be out.”
Dr. O’Brien testified that Akins had refused all treatment and medication at the hospital and insisted that there was nothing wrong with him. Dr. O’Brien explained that “it would be greater harm to everybody concerned if we attempted to force him physically to take medication.” In the psychiatric summary for continued involuntary placement Dr. O’Brien prepared, however, he checked the following items under treatment since admission: occupational therapy, recreational therapy, basic therapeutic activity programs, and milieu therapy. In the section on the plan for treatment for the continued involuntary hospitalization, the doctor wrote, “Same.”
Dr. O’Brien also testified that Akins would not be capable of surviving off the grounds of the hospital either alone or with the help of willing family or friends, that without treatment he would suffer from neglect and refuse to care for himself, and that he was a danger to himself and others. Dr. O’Brien based his conclusion that Akins was a danger to others on recent threats Akins had made. Akins continues to threaten people when he believes that someone has taken his money.' Akins told Dr. O’Brien that upon release he intended to return to the hospital to shoot the people who kept him there. Dr. O’Brien also testified that Akins had made threats to others at the hospital. Dr. O’Brien stated that G. Pierce Wood Memorial Hospital was the least restrictive placement available for Akins. A more restrictive placement was not available.
We hold that the administrator proved the criteria for continued involuntary placement by clear and convincing evidence. In denying the petition, the hearing officer focused on Akins’ refusal of treatment. However, Dr. O’Brien testified to all the criteria and the record also contains evidence of the treatment plan. No competent, substantial evidence to the contrary appears in the record. Accordingly, we reverse the hearing officer’s order and remand with directions that the hearing officer enter an order in accordance with this opinion.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE, J., concur.